**Jennifer K. Oetter, OSB #953728**
Jennifer.Oetter@lewisbrisbois.com
**Andrew Gard, OSB #232216**
Andrew.Gard@lewisbrisbois.com
LEWIS BRISBOIS BISGAARD & SMITH LLP
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
Telephone: 971.712.2800
Facsimile: 971.712.2801

Attorneys for Defendants CommonSpirit
Oregon dba Mercy Medical Center and Mariah
Holcomb

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| JONATHAN KENNEDY,<br><br>        Plaintiff,<br><br>    vs.<br><br>CITY OF ROSEBURG, OREGON; GARY KOPFENSTEIN, Chief of Police, City of Roseburg, Oregon, in his official capacity; JAMES FORRESTER, in his official and individual capacity; CODY WALTON, in his individual capacity; SEAN DONNELLY, in his individual capacity; DAVID FREGOSO, in his individual capacity; COMMONSPIRIT OREGON, an Oregon nonprofit corporation, d/b/a Mercy Medical Center; MARIAH HOLCOMB, an individual, in her individual capacity; and JANE DOE ("KRISTA"), in her individual capacity,<br><br>        Defendants. | Case No. 6:25-cv-02264-AP<br><br>**DEFENDANT COMMONSPIRIT OREGON AND MARIAH HOLCOMB'S MOTION TO DISMISS**<br><br>*Oral Argument Requested*<br><br>Judge: Amy E. Potter |

/ / /

171296071.1
   DEFENDANT COMMONSPIRIT OREGON AND MARIAH HOLCOMB'S
   MOTION TO DISMISS
   1

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
Telephone: 971.712.2800 • Fax 971.712.2801

## I.     LR 7-1 CERTIFICATION

Pursuant to LR 7-1, the undersigned counsel certifies that, on February 9, 2026, Jennifer Oetter, counsel for Commonspirit Oregon, Mariah Holcomb, and Jane Doe (*defendants*), conferred in good faith via zoom with all counsel, including Joy Bertrand, counsel for Jonathan Kennedy (p*laintiff*), regarding these motions. The parties were unable to resolve the issues in dispute and request Court assistance.

## II.     MOTIONS

Pursuant to Rule 12(b)(6), defendants asks this Court to dismiss all of plaintiff's claims against defendants with prejudice on the grounds that the allegations fail to state claims upon which relief can be granted.

## III.     STATEMENT OF FACTS

This lawsuit arises out of the execution of a search warrant on December 6, 2023. *See* Complaint (*Compl*.), ¶ 24, 44-45 (showing that the warrant occurred in the early morning hours after the initial stop on December 5, 2023). On December 5, 2023, Roseburg Police Officers Cody Walton and Sean Donnelly (collectively *officers*) pulled plaintiff over because they suspected that plaintiff was driving while impaired. *Id.* ¶ 26. The officers came to this conclusion after witnessing plaintiff drive below the speed limit and go over the fog line. *Id.* ¶ 24. Ofc. Donnelly went and spoke with plaintiff, came back to Ofc. Walton and reported that plaintiff's "eyes look a little glazed." *Id.* ¶ 25. Ofc. Walton then approached plaintiff's vehicle and smelled marijuana. *Id.* ¶ 26. Plaintiff denied use of marijuana and then a field sobriety test was performed. *Id.* ¶ 27-29.

By 12:05am, the officers booked plaintiff in jail and requested a breathalyzer. *Id.* ¶ 35. The breathalyzer results showed a 0.00 blood-alcohol concentration. *Id.* ¶ 37. Plaintiff refused,

171296071.1
DEFENDANT COMMONSPIRIT OREGON AND MARIAH HOLCOMB'S
MOTION TO DISMISS
2

**LEWIS BRISBOIS BISGAARD & SMITH** LLP
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
Telephone: 971.712.2800 • Fax 971.712.2801

asking for a lawyer, triggering the request for a warrant. *Id.* ¶ 41-42. After those results, Ofc. Walton requested a urine sample. *Id.* ¶ 40. Officer McCreadie applied for and received a search warrant to obtain samples of plaintiff's blood and urine. Compl. ¶ 53. Ofc. Walton received a search warrant from a Douglas County Circuit Court judge. *Id.* ¶ 44.

After receiving the warrant, the officers, along with Ofc. Fregoso, brought plaintiff to defendant's hospital. *Id.* ¶ 47. When plaintiff could not urinate on his own volition, defendant's employee instructed plaintiff to lay down. *Id.* ¶ 55-58. Defendant's employee informed plaintiff that due to the warrant she had to get a urine sample. *Id.* ¶ 58. As plaintiff did not comply, the officers and Ofc. Fregoso held down plaintiff to allow defendant's employees to insert a catheter. *Id.* ¶ 60. Before doing so, defendant's employee informed plaintiff that they needed to sterilize to prevent infection. *Id.* ¶ 61.

## IV.    LEGAL MEMORANDUM

### A.  Legal Standard

The Court must dismiss a complaint if it fails to state a claim upon which relief can be granted. FRCP 12(b)(6). Dismissal for failure to state a claim for relief is proper "where there is no cognizable legal theory, or an absence of sufficient facts alleged to support a cognizable legal theory." *Shroyer v. New Cingular Wireless Servs.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citation omitted). To survive a motion to dismiss, the plaintiff must allege sufficient factual matter, accepted as true, "to state a claim to relief that is plausible on its face," *i.e.*, factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678–69 (2009). The Court is not bound to accept as true any legal conclusions couched as factual allegations. *Twombly*, 550 U.S. at 555–57, 570.

171296071.1

DEFENDANT COMMONSPIRIT OREGON AND MARIAH HOLCOMB'S
MOTION TO DISMISS
3

LEWIS BRISBOIS BISGAARD & SMITH LLP
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
Telephone: 971.712.2800 • Fax 971.712.2801

When a plaintiff's claim fails to plead facts sufficient to state a claim, it is appropriate to grant a dismissal pursuant to a Rule 12(b)(6) motion at the earliest practicable stage. This is because the complaint's "basic deficiency should ... be exposed at the point of minimum expenditure of time and money by the parties and the court." *Id.* at 558 (internal quotations omitted).

### B.  The test was a reasonable search and seizure.

To determine whether an individual search or seizure is reasonable, the Court must evaluate the "totality of circumstances." *Missouri v. McNeely*, 569 U.S. 141, 133 S.Ct. 1552, 1559, 185 L.Ed.2d 696 (2013). The totality of circumstances of a search include: [1] the scope of the particular intrusion, [2] the manner of its conduct, and [3] the justification for initiating it. *U.S. v. Cameron*, 538 F.2d 254, 258 (9th Cir. 1976)(internal quotation marks omitted). In the Ninth Circuit, Fourth Amendment claims relating to the use of a catheter to obtain urine samples are analyzed under the factor test for nonconsensual physical search claims. *See Leonard v. Baker*, 714 Fed. Appx. 718, 2018 U.S. App. LEXIS 5235 (9th Cir. 2018).

*1.  The Warrant*

As an initial matter, the search at issue in plaintiff's case was conducted pursuant to a valid warrant. Officer Walton sought and received a warrant from a Douglas County Circuit Court judge. The warrant allowed for blood and urine analysis. After attempting to retrieve a urine sample in the holding cell, plaintiff was transported to Mercy Medical Center for further assistance.

By obtaining a valid warrant prior to the search, Officer Walton complied with the purpose of the warrant requirement, as explained by then-Judge Kennedy in *Cameron*:

> In addition to certifying that a search is reasonably justified, a warrant can also assure that it is conducted in a reasonable manner. Appellant in this case strongly

DEFENDANT COMMONSPIRIT OREGON AND MARIAH HOLCOMB'S
MOTION TO DISMISS
4

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
Telephone: 971.712.2800 • Fax 971.712.2801

and consistently protested the illegality of the procedures. In such circumstances his fear that the procedures were not totally lawful is understandable. A warrant can dispel such apprehensions. It advises the suspect that authorization for the search has been obtained from a judicial officer, and hence that the search is presumptively lawful. The warrant defines the scope of the search, so that the suspect will know what procedures he faces. A warrant serving these purposes may well secure the cooperation of an otherwise reluctant suspect, thus rendering the search less painful.

*US v. Cameron¸ supra* 538 F.2d at 259.

Here, plaintiff makes many appeals about the constitutionality of the seizure. He contends that he properly invoked his right to counsel and that everything that followed was an unconstitutional search. But as outlined in *Cameron*, the purpose of the judicial warrant is to dispel any such fears. Plaintiff was advised that authorization for the search had been obtained from a judicial officer. The warrant defined the scope of the search, informing plaintiff that the officers could retrieve a blood or urine sample. Plaintiff had the ability to urinate voluntarily before the catheterization. Therefore, the existence of a valid warrant along with defendants complying with the warrant, weigh heavily in favor of finding that the search was reasonable and not in violation of the Fourth Amendment.

2. *The George Test*

Plaintiff alleges that he did not consent to the procedure, that is not a valid argument for finding negligence in this case. The Ninth Circuit has outlined the nonconsensual physical search claim test in *George v. Edholm*, 752 F.3d 1206 (9th Cir. 2014). "Those factors are (1) the extent to which the procedure may threaten the safety or health of the individual, (2) the extent of intrusion upon the individual's dignitary interests in personal privacy and bodily integrity, and (3) the community's interest in fairly and accurately determining guilt or innocence." *Id*. (*quoting Winston v. Lee*, 470 U.S. 753, 761-62, 105 S. Ct. 1611, 54 L. Ed. 2d 662 (1985)). A failure to obtain a warrant is also relevant to a to analysis of the claim of reasonableness. *Id*.

171296071.1

DEFENDANT COMMONSPIRIT OREGON AND MARIAH HOLCOMB'S MOTION TO DISMISS

5

**LEWIS BRISBOIS BISGAARD & SMITH** LLP
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
Telephone: 971.712.2800 • Fax 971.712.2801

i.  The Extent to Which the Procedure May Threaten the Safety or Health of the
    Individual

In applying the three factors in *George*, the Court noted for the first factor that the danger to Mr. George's health and safety appeared to have been slight in a hospital setting. *Id*. Here, the procedure was performed in a hospital by medical personnel. Urinary catheters are common medical tools, they are routinely used in a number of medical procedures and to treat a variety of medical conditions. They pose minimal risks especially if they are not left in place, as was the case for Plaintiff. Therefore, the first element of the *George* test weighs heavily in favor of finding the search reasonable.

ii.  The Extent of Intrusion Upon the Individual's Dignitary Interests in Personal
     Privacy and Bodily Integrity

For the second factor, the Court concluded that the intrusion was "extreme," noting that the search involved "[f]orced sedation, anoscopy, intubation, and bowel evacuation" and invaded his anus, nostrils, throat, stomach, and intestines. *Id*. at 1218. The insertion of a catheter into an individual's urethra is an intrusion upon an area of personal privacy. However, the fact of the intrusion was to an area of personal privacy does not end the analysis of the second *George* factor. As explained by *US v. Fowlkes*, the manner in which the seizure occurs can work to protect the dignity of the individual even when the body part to be searched is personal. *Fowlkes*, 804 F.3d at 963.

Here, the officers sought the guidance and assistance of medical personnel, and the procedure was performed by trained medical professional in the emergency department. The catheterization was performed in a private room, with only medical personnel and officers present. All appropriate procedures were taken to assure that the catheterization process was sterile. Plaintiff was aware of the warrant. Defendants, similarly, were aware of the warrant. Defendants kept plaintiff informed of the procedure and the sterilization.

171296071.1
DEFENDANT COMMONSPIRIT OREGON AND MARIAH HOLCOMB'S
MOTION TO DISMISS
6

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
Telephone: 971.712.2800 • Fax 971.712.2801

In analyzing all factors relating to the second *George* factor, while the use of a catheter may be an intrusion upon plaintiff's personal privacy, the nature and scope of the invasion in plaintiff's case was limited to only the intrusion necessary to obtain the evidence. Plaintiff was afforded the privacy of a personal emergency department room and confidentiality protections.

Defendants took every reasonable precautions to minimize plaintiff's potential trauma. Plaintiff's case is readily distinguishable from cases such as *Ellis*, which involved an alleged baseless and warrantless search conducted with the aid of excessive physical force during which the plaintiff was drugged to unconsciousness. The second *George* factor does not weigh in favor of finding the search unreasonable.

### iii. The Community's Interest in Fairly and Accurately Determining Guilt or Innocence

In *George*, for the third factor, the court noted that the community had a strong interest in prosecuting those who are selling cocaine, but noted that the baggie of cocaine could have been recovered through far less intrusive means and that there likely was time to seek a search warrant. *George*, 752 F.3d at 1220. The community has a strong interest in fairly and accurately determining guilt or innocence in this case, and public policy is strongly in favor of allowing the type of search performed on plaintiff. Thousands of Americans die each year from drivers under the influence of intoxicants.[1] Drivers who, like plaintiff, get behind the wheel while intoxicated

---

[1] Robert Desaulniers, *Winston woman charged with DUII, reckless endangering after fatal crash*, KEZI (May 20, 2025), https://www.kezi.com/news/winston-woman-charged-with-duii-reckless-endangering-after-fatal-crash/article_71304666-8f91-4aa4-b17e-3b6b108c8bc0.html#:~:text=WINSTON%2C%20Ore.,hospital%20and%20were%20later%20released; John Ross Ferrara, *Oregon man faces negligent homicide charge for crash that killed 11-year-old daughter*, KOIN (Mar 12, 2025), https://www.koin.com/news/oregon/oregon-man-faces-negligent-homicide-for-crash-that-killed-11-year-old-daughter/; Ryan Bonham, *Roseburg man found guilty of criminally negligent homicide and DUII for triple-fatal crash*, KEZI (March, 28, 2024), https://www.kezi.com/news/local/roseburg-man-found-guilty-of-criminally-negligent-homicide-and-duii-for-triple-fatal-crash/article_2cca5db4-ed50-11ee-b3db-bf8d2b757732.html.

171296071.1

DEFENDANT COMMONSPIRIT OREGON AND MARIAH HOLCOMB'S
MOTION TO DISMISS
7

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
Telephone: 971.712.2800 • Fax 971.712.2801

pose a continuing danger to the community. There is a strong public policy to investigate drivers and obtain convictions when they are found to be under the influence of intoxicants.

ORS 133.621 explicitly immunizes licensed physicians from civil liability for withdrawing bodily substances for evidence in a criminal investigation at the request of a peace officer. ORS 676.300 also permits health care providers to violate confidentiality and report a patient who in intoxicated and about to drive a vehicle. ORS 676.300 requires health care facilities to inform law enforcement when they have reason to believe a patient in a motor vehicle accident was driving under the influence of intoxicants. ORS 676.280 provides immunity to healthcare workers for reports of intoxication to law enforcement. The community has a strong and legislatively expressed interest in fairly and accurately determining the guilt of innocence of motorists who may be under the influence of intoxicants.

Plaintiff blew a 0.0% on a breathalyzer test. This reading did not comport with the officers belief that plaintiff was under the influence. To determine whether he may have other intoxicants in his body aside from alcohol, the officers sought a warrant. The warrant was granted for blood and urine samples. Plaintiff originally had the opportunity to provide a urine sample in his holding cell. When he was unable to provide the sample, he was transported to Mercy Medical Center for medical providers to collect his samples. Defendants collected the urine sample as required by a valid search warrant to assist in the investigative process. The third *George* factor weighs heavily in favor of Defendants.

When viewed in its entirety, the *George* factors show that the search of Plaintiff's urine via a catheter was reasonable and did not violate Plaintiff's Fourth Amendment rights. Because plaintiff did not suffer a constitutional violation, plaintiff fails to state a valid claim.

171296071.1
DEFENDANT COMMONSPIRIT OREGON AND MARIAH HOLCOMB'S
MOTION TO DISMISS
8

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
Telephone: 971.712.2800 • Fax 971.712.2801

### C. The Court should dismiss plaintiff's 42 U.S.C. §1983 Claims.

Claims one through three allege violations of the Fourth and Fourteenth Amendments. Although the Fourth and Fourteenth Amendments do not individually provide remedies for violations, 42 U.S.C. §1983 provides an avenue for individuals to recover damages against state actors that violate constitutionally protected rights.

A claim under 42 U.S.C. §1983 permits an individual to recover when their rights, privileges or immunities are deprived by someone acting under the color of state law. A §1983 claim has two elements: (1) the conduct that harms the plaintiff must be committed under color of state law and (2) the conduct must deprive the plaintiff of a constitutional right. *Ketchum v. County of Alameda*, 811 F.2d 1243, 1245 (9th Cir. 1987).

> 1. *Plaintiff has failed to allege that the care providers followed an official policy.*

To recover under §1983 against an employee or individual, a plaintiff must show that the employee followed a custom or policy of the entity. *Schneider v. Sutter Amador Hosp*., 2014 U.S. Dist. LEXIS 152869 at *19 (E.D. Cal. October 28, 2014); See also *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658 (1978). There is no respondeat superior liability under §1983. *Id.* An unwritten policy or custom must be so "persistent and widespread" that it constitutes a "permanent and well settled" practice. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 167–68 (1970). See also *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996) ("Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy.").

Liability for a policy may not be predicated on sporadic or isolated incidents—it must be based on practices of sufficient duration, frequency, and consistency that the conduct is the

171296071.1
DEFENDANT COMMONSPIRIT OREGON AND MARIAH HOLCOMB'S
MOTION TO DISMISS
9

**LEWIS BRISBOIS BISGAARD & SMITH** LLP
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
Telephone: 971.712.2800 • Fax 971.712.2801

traditional method of carrying out a policy. *Trevino v. Graves*, 99 F.3d 911, 918 (9th Cir. 1996). Generally, a single instance of violative conduct is not sufficient to instantiate liability under *Monell. See e.g.*, *Federation of African Am. Contrs. v. City of Oakland*, 96 F.3d 1204, 1216 (9th Cir. 1996). Only when violative conduct can be fairly characterized as "deliberate indifference" to constitutional rights may *Monell* confer liability under U.S.C. § 1983. *City of Canton v. Harris*, 489 U.S. 378, 389, 109 S.Ct. 1197 (1989).

Here, plaintiff alleges that the care providers had "no choice" but to comply with the warrant. Compl. ⁋ 58. And that because compliance with the warrant was a course of action dictated by Mercy Medical Center's policymakers that consisted of unconstitutional action. *Id.* ⁋ 150. He also alleges, without any factual information, that the constitutional violations were more than a one-time occurrence, shown by the fact that the policies existed. *Id.* ⁋ 152. But this claim is not enough by itself to survive dismissal. Plaintiff must also show that the act was more than just a single instance of conduct. This requires "sufficient factual matter" which plaintiff does not provide in his complaint. Instead, plaintiff details one occurrence in his fact section and then attempts to handwave away the deficiency by claiming that it was more than a one-time occurrence. As plaintiff has failed to plead or show facts that such policy or custom exists or was followed by the medical staff here. Accordingly, the §1983 claims against defendants should be dismissed.

> 2. *Plaintiff has failed to allege facts that show the medical professionals were state actors.*

To succeed on a §1983 claim, the plaintiff must show that the challenged conduct was committed under the color of state law. *Ketchum* 811 F.2d at 1245. State action can only exist if there is a close nexus between the state and the challenged action such that seemingly private behavior may be treated as that of the state itself. *Brentwood Academy v. Tennessee Secondary*

171296071.1
DEFENDANT COMMONSPIRIT OREGON AND MARIAH HOLCOMB'S
MOTION TO DISMISS
10

**LEWIS BRISBOIS BISGAARD & SMITH** LLP
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
Telephone: 971.712.2800 • Fax 971.712.2801

*School Athletic Association,* 531 U.S. 288, 295–99 (2001). The Ninth Circuit recognizes four tests for determining whether a private individual can be considered a state actor for purposes of § 1983 liability: (1) public function; (2) joint action; (3) government compulsion or coercion; and (4) government nexus. *Kirtley v. Rainey*, 326 F.3d 1088, 1092 (9th Cir. 2003).

### a.   Public Function Test

"Under the public function test, when private individuals or groups are endowed by the State with powers or functions governmental in nature, they become agencies or instrumentalities of the State and subject to its constitutional limitations." *Lee v. Katz*, 276 F.3d 550, 554-55 (9th Cir. 2002). Here, there is no evidence that defendants were "endowed by the State with powers or functions governmental in nature." Defendants acted under the requirements of a valid warrant. Compl. ¶ 58. The warrant acted as the State power and was being enforced by the officers, state actors. Defendants merely recognized that they had no ability to disobey the warrant and complied with the State power. As defendants were not endowed with powers granted by the State, they were not state actors under the public function test.

### b.   Governmental Compulsion

"The compulsion test considers whether the coercive influence or 'significant encouragement' of the State effectively converts a private action into a government action." *Kirtley*, 326 F.3d at 1094. It is insufficient that because the government compelled a result that the action is "fairly attributable" to a private actor. *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 838 (9th Cir. 1999). There must be some other nexus between the private entity and the government. *Id.*

As pled, it is the State action of granting a warrant that caused the injury. That action does not flow to defendants without a nexus between defendants and the State. Here, defendants

171296071.1
DEFENDANT COMMONSPIRIT OREGON AND MARIAH HOLCOMB'S
MOTION TO DISMISS
11

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
Telephone: 971.712.2800 • Fax 971.712.2801

had no other option then to comply with the valid warrant. If they had, they could be at risk of interfering with an investigation.

Obeying the law does not qualify as government compulsion, any reading of the rule otherwise would make all private entities that follow the law state actors. Without factual support in the pleadings that there was 'significant encouragement' by the State to convert defendant's actions into governmental action or a nexus between defendants and the government, defendants cannot qualify as a state actor under the government compulsion test.

c.    Government Nexus

For a private defendant to act under the color of state law or as a state actor under the nexus test, there must be a close nexus between the state and the challenged action such that the action may be treated as that of the state itself. *Brentwood Acad. v. Tenn. Sec. School Athletic Ass'n*, 531 U.S. 288, 295 (2001). The Supreme Court has provided a non-exhaustive list of circumstances which satisfy the governmental nexus test, including: whether the defendant is controlled by an agency of the state, whether the defendant is intertwined with governmental policies, or when the State is entwined with the defendant's management or control. *Id.* at 296. Normally, the nexus consists of participation by the state in an action ostensibly taken by the private entity. *Sutton*, 192 F.3d at 841.

Here, there is no evidence that defendants were controlled by an agency of the state in such a way as to require the action complained of by plaintiff, or that defendants were intertwined with government policies, management or control. Plaintiff does not allege that the State participated in any action that normally would have been left for defendants. Without sufficient facts to detail how the State had a close nexus to the actions taken by defendant, the pleadings fail to show defendants were state actors under the nexus test.

171296071.1
DEFENDANT COMMONSPIRIT OREGON AND MARIAH HOLCOMB'S
MOTION TO DISMISS
12

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
Telephone: 971.712.2800 • Fax 971.712.2801

### d. Joint Action

The joint action test asks if the state has put itself in a position of interdependence with a private defendant such that the state must be recognized as a joint participant in the challenged activity. *Burton v. Wilmington Parking Authority*, 365 U.S. 715, 725 (1961). That position can be identified by finding joint action through proof of a conspiracy or that a private defendant was a "willful participant in joint action with the state or its agents." *Franklin v. Fox*, 312 F.3d 423, 445 (9th Cir. 2002). Joint action requires "a substantial degree of cooperation before imposing civil liability for actions by private individuals that impinge on civil rights." *Id*. To prove a conspiracy, the plaintiff must show an agreement or meeting of the minds occurred to violate plaintiff's constitutional rights. *Id.* at 441.

When a defendant does not have "some control over the state officials' decision," the defendant is not a proximate cause of a plaintiff's injuries. *King v. Massarweh*, 782 F.2d 825, 829 (9th Cir. 1986). Furnishing information to police officers does not constitute a conspiracy or joint action under color of state law. *Manda v. Albin*, 2019 U.S. Dist. LEXIS 204473 at *34 (N.D. Cal., Nov 29, 2019).

Plaintiffs who show that a private hospital or provider is under contract to provide a certain type of medical services can be state actors under the joint action test. *Lopez v. Dep't of Health Servs.*, 939 F.2d 881, 883 (9th Cir. 1991) (per curiam); *West v. Atkins*, 487 U.S. 42 (1988). However, in the absence of such a contract, courts have dismissed claims against medical providers. *See e.g. See Thomas v. Hickman,* No. CV F06-0215AWI SMS, 2006 WL 2868967, at *35 (E.D. Cal. Oct. 6, 2006) (dismissing claims against the defendant when the plaintiff failed to allege that a contract with the State to provide medical services). The 9th Circuit has consistently determined that "private hospitals and doctors in 1983 claims fail to come within the color of

DEFENDANT COMMONSPIRIT OREGON AND MARIAH HOLCOMB'S
MOTION TO DISMISS
13

**LEWIS BRISBOIS BISGAARD & SMITH** LLP
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
Telephone: 971.712.2800 • Fax 971.712.2801

state law." *Amor v. State*, 2009 U.S. Dist. LEXIS 19606 at *8 (D. Az., Feb. 27, 2009) (citing *Briley v. State of Cal.,* 564 F.2d 849, 855–56 (9th Cir. 1977)); See also *Watkins v. Mercy Med. Center,* 520 F.2d 894, 896 (9th Cir. 1975); *Polk County v. Dodson,* 454 U.S. 312, 319 n. 9 (1981).

Here, the plaintiff alleges that defendants were "acting under color of state law" when it conducted the forced catheterization of plaintiff. Compl. ¶ 92, 97. Plaintiff further alleges that defendants acted in concert with the officers to conduct the catheterization. Compl. ₱ 105. These bare, conclusory assertions are the only allegations plaintiff offers to show that the medical professionals were state actors in this case. Plaintiff does not allege that a meeting of the minds took place, or that any type of agreement existed between the hospital staff and law enforcement to violate plaintiff's rights. He does not describe any conversation between law enforcement and hospital staff. Instead, he conclusory states that the defendants and officers had a meeting of the minds without describing any conversation that could have created a meeting of the minds. Compl. ₱ 97. Nor are there any allegations that defendants were contracted by the government to provide the services. Without more, plaintiff's complaint fails to allege that the care providers were acting under the color of law. Without a meeting of the minds, there can be no conspiracy or joint action. Plaintiff has not asserted an alternate theory as to how the hospital staff could be acting under color of law. Accordingly, plaintiff's §1983 claims in Counts one through three should be dismissed for failure to state a claim.

> 3. *Plaintiff has failed to show that a constitutionally protected right was violated.*

In order to bring a §1983 claim, the plaintiff must show that the conduct deprived her of a constitutional right. *Ketchum*, 811 F.2d at 1245. In the context of qualified immunity, which also looks to whether a plaintiff has alleged the violation of a constitutionally protected right, courts

171296071.1
DEFENDANT COMMONSPIRIT OREGON AND MARIAH HOLCOMB'S
MOTION TO DISMISS
14

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
Telephone: 971.712.2800 • Fax 971.712.2801

look for a "robust consensus of cases of persuasive authority" that "puts the question beyond debate." *Ashcroft v. al-Kidd,* 563, U.S. 731, 741–42 (2011).

To the extent that plaintiff may argue that his constitutional right to a valid search warrant was violated, defendants should not be liable for not questioning the validity of the search warrant. Medical providers are not trained in the nuances of Fourth Amendment law. Courts across the country have held that it is reasonable for medical staff to rely on a presumptively valid search warrant when presented with one by law enforcement. See *supra*. Here, defendants reasonably relied on the existence of a warrant to justify their actions. The care providers cannot be liable for any prior or subsequent constitutional violation related to the validity of the warrant.

Furthermore, inserting a catheter to procure a urine sample pursuant to a warrant does not violate a clearly defined constitutionally protected right. There is no "robust consensus of persuasive authority" that puts the question beyond debate. On the contrary, case law from across the country suggests that the question is not resolved. See *Riis v. Shaver*, 458 F.Supp.3d 1130, 1177 (S.D. Dist. Ct. 2020) (noting that, in the context of using a catheter to collect urine pursuant to a warrant, "[T]his Court, like several other courts, hesitates to conclude that there is a "robust consensus of cases of persuasive authority" to put the "constitutional question beyond debate."); See also *Sparks v. Stutler,* 71 F.3d 259, 261 (7th Cir 1995) (Holding that a prison was entitled to immunity despite the unnecessary use of a catheter to obtain a urine sample because of "legal uncertainty surrounding the use of invasive medical procedures in prison."); *Lockard v. City of Lawrenceburg,* 815 F. Supp. 2d 1034, 1046 (S.D. In. 2011) (Noting that the forcible taking of blood and urine was not a Fourth Amendment violation, because taking samples is "a proper method of seizing evidence for a person suspected of committing an intoxication offence.").

171296071.1
DEFENDANT COMMONSPIRIT OREGON AND MARIAH HOLCOMB'S
MOTION TO DISMISS
15

LEWIS BRISBOIS BISGAARD & SMITH LLP
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
Telephone: 971.712.2800 • Fax 971.712.2801

Plaintiff points to *Ellis v. City of San Diego* to support the fact that catheterization is an invasion of personal dignity. Compl. ¶ 3. However, that case is inapposite here. In *Ellis,* a parolee was dragged out of his home, sedated, catheterized and blood was drawn from him without his consent. *Ellis v. City of San Diego*, 176 F.3d 1183, 1187 (9th Cir. 1999). The physician that inserted the catheter was prevented from asserting qualified immunity because she violated a constitutional right to be free of searches and seizures without a warrant. *Id.* at 1192. It is well established that warrantless compulsory searches are unreasonable unless supported by probable cause and exigent circumstances. *Id.* Here, there was a warrant and probable cause. Compl. ⁋ 44. The clearly established right that was violated in *Ellis* does not apply here. As indicated above, whether a catheterization performed pursuant to a warrant violates the Fourth or Fourteenth Amendments is not a clear area of law.

The uncertainty in the law surrounding whether catheterization pursuant to a warrant is a violation of a constitutionally protected right means that plaintiff has not successfully alleged a violation of a constitutionally protected right. Plaintiff cannot show that a constitutional right was violated. Therefore, he has failed to state a §1983 claim in claims one through three and those claims should be dismissed.

### D.  The Court should dismiss plaintiff's Respondeat Superior Claim.

A complaint may be dismissed under Rule 12(b)(6) for failure to state a claim if the plaintiff fails to state a cognizable legal theory. *Shroyer*, 622 F.3d at 1041. See also *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990). Respondeat superior is not an independent cause of action, but rather a theory of liability. See *Fidelity Nat. Title. Ins. Co. v. Castle*, 2011 U.S. Dist. LEXIS 141297 (N.D. Cal. Dec 8, 2011) (noting as much and dismissing respondeat superior cause of action).

171296071.1

DEFENDANT COMMONSPIRIT OREGON AND MARIAH HOLCOMB'S
MOTION TO DISMISS
16

LEWIS BRISBOIS BISGAARD & SMITH LLP
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
Telephone: 971.712.2800 • Fax 971.712.2801

Count five of plaintiff's complaint alleges a separate cause of action for respondeat superior. However, respondeat superior is a theory of liability, not an independent cause of action. Count five does not present a cognizable claim and it should be dismissed.

### E. The Court should dismiss plaintiff's Oregon Tort Claims.

In Oregon, a "licensed physician, or a person acting under the direction or control of a duly licensed physician, shall not be held civilly liable for gathering potential evidence in a criminal investigation in a medically acceptable manner at the request of a peace officer." ORS 133.621. The statute permits a medical provider to "withdraw bodily substances, pierce human tissue, perform medical tests and procedures and otherwise use medical procedures to gather evidence in a criminal investigation." *Id.*

A medical provider who assists a peace officer acting under a warrant by providing a medically acceptable procedure is entitled to immunity for their provision of assistance. The bill's intent is to counteract the chilling effect of potential liability for medical providers asked to obtain evidence for individuals suspected to be driving under the influence and refusing to provide consent. Staff Measure Summary, H. Judiciary Comm., 1989 Leg., 62nd Sess. (Or. 1989). At its heart, "SB 405 provides a clear statutory grant of immunity to medical personnel when they are acting at the request of a police officer and performing the procedure in a medically acceptable manner." *Id.* Given this background, it is clear that the grant of immunity in ORS 133.621 was intended to encompass situations like the one at hand.

In this case, the officers brought plaintiff to Mercy Medical Center after they obtained a search warrant. Compl. ℙ 44, 49. Medical staff then performed a catheterization pursuant to the search warrant. Compl ℙ 60. Plaintiff alleges that defendants did nothing to protect his privacy or mitigate the pain of the procedure, but she has not alleged that the procedure was not medically

171296071.1

DEFENDANT COMMONSPIRIT OREGON AND MARIAH HOLCOMB'S
MOTION TO DISMISS
17

**LEWIS BRISBOIS BISGAARD & SMITH** LLP
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
Telephone: 971.712.2800 • Fax 971.712.2801

acceptable. Compl. ℙ 52, 54. Without an allegation to suggest otherwise, the Complaint shows that defendants gathered potential evidence in a criminal investigation in a medically acceptable manner. Accordingly, the civil immunity should apply, and claims six through nine should be dismissed.

## V.    CONCLUSION

For the reasons discussed herein, the claims against defendants should be dismissed with prejudice.

DATED this 12th day of February, 2026.

LEWIS BRISBOIS BISGAARD & SMITH LLP

By:    _s/ Andrew S. Gard_
Jennifer K. Oetter, OSB #953728
Andrew Gard, OSB #232216
Telephone: 971.712.2800
Facsimile: 971.712.2801

*Attorneys for Defendants CommonSpirit Oregon dba Mercy Medical Center and Mariah Holcomb*

171296071.1
DEFENDANT COMMONSPIRIT OREGON AND MARIAH HOLCOMB'S
MOTION TO DISMISS
18

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
Telephone: 971.712.2800 • Fax 971.712.2801

<u>**CERTIFICATE OF SERVICE**</u>

I certify that I served the foregoing **DEFENDANT COMMONSPIRIT OREGON**

**AND MARIAH HOLCOMB'S MOTION TO DISMISS** on the following attorneys by the

method indicated below on the 12th day of February, 2026:

*Attorneys for Plaintiff:*

| Gregory Kafoury, Esq. | _____ Via First Class Mail |
|---|---|
| Mark McDougal, Esq. | _____ Via Federal Express |
| Jason Kafoury, Esq. | _____ Via Facsimile |
| Kafoury & McDougal | _____ Via Hand-Delivery |
| 411 SW Second Avenue, Suite 200 | ✓ Via E-Mail |
| Portland OR 97204 | |
| kafoury@kafourymcdougal.com | |
| mcdougal@kafourymcdougal.com | |
| jkafoury@kafourymcdougal.com | |

| Mary Sofia, Esq. | _____ Via First Class Mail |
|---|---|
| Sofia Law LLC | _____ Via Federal Express |
| Crown Plaza Bldg | _____ Via Facsimile |
| 1500 SW 1st Ave Ste 1090 | _____ Via Hand-Delivery |
| Portland OR  97201 | ✓ Via E-Mail |
| Mary@SofiaDefense.com | |

| Joy Bertrand, Esq. | _____ Via First Class Mail |
|---|---|
| Joy Bertrand Law | _____ Via Federal Express |
| PO Box 2734 | _____ Via Facsimile |
| Scottsdale, AZ 85252 | _____ Via Hand-Delivery |
| Email: joy@joybertrandlaw.com | ✓ Via E-Mail |

*Attorneys for City of Roseburg-Oregon,*
*Chief Klopfenstein, and David Fregoso:*

| Sarah Rose Henderson, Esq. | _____ Via First Class Mail |
|---|---|
| Robert E. Franz , Jr., Esq. | _____ Via Federal Express |
| Franz & Henderson | _____ Via Facsimile |
| 730 B St. | _____ Via Hand-Delivery |
| P.O. Box 62 | ✓ Via E-Mail |
| Springfield, OR 97477 | |
| shenderson@franzlaw.comcastbiz.net | |
| rfranz@franzlaw.comcastbiz.net | |

171296071.1

**Attorneys for James Forrester:**

| Jennifer Gaddis, Esq. | | Via First Class Mail |
| Garrett Hemann Roberts | | Via Federal Express |
| PO Box 749 | | Via Facsimile |
| Salem  OR 97308 | | Via Hand-Delivery |
| jgaddis@ghrlawyers.com | ✓ | Via E-Mail |

**Attorneys for Cody Walton:**

| Thomas Armosino, Esq. | | Via First Class Mail |
| Frohnmayer-Deatherage | | Via Federal Express |
| 2592 E Barnett Rd | | Via Facsimile |
| Medford  OR 97504 | | Via Hand-Delivery |
| armosino@fdfirm.com | ✓ | Via E-Mail |

**Attorneys for Sean Donnelly:**

| Rebeca Plaza, Esq. | | |
| Attorney at Law | | Via First Class Mail |
| Capitol Legal Services | | Via Federal Express |
| 901 Capitol Street NE | | Via Facsimile |
| Salem, OR 97301 | | Via Hand-Delivery |
| rebeca@capitol.legal | ✓ | Via E-Mail |

LEWIS BRISBOIS BISGAARD & SMITH LLP


By:     *s/ Andrew Gard*
Jennifer K. Oetter, OSB #953728
Jennifer.Oetter@lewisbrisbois.com
Andrew Gard, OSB #232216
Andrew.Gard@lewisbrisbois.com

*Attorneys for Defendants CommonSpirit Oregon dba Mercy Medical Center and Mariah Holcomb*

171296071.1